THIS was an action of assumpsit for the price of a horse sold by the plaintiff, to the defendant. In the month of February, 1865, the plaintiff had entered into a bargain to *Page 402 
buy the horse of Thomas Higgins who then owned it, for three hundred dollars, to be paid by his promissory note at six months, and afterward in the same month entered into the contract in question to sell it to the defendant, Washington Eastburn, and his brother, who was then a minor, for $250, and then drew his note to Higgins for the $300, handed it to the defendant, who went with his brother to Higgins' house, delivered it to him and received the horse from him, and when asked what Ball was going to do with the horse, replied that Ball had nothing to do with the horse, that he belonged to them. Before the note became due the defendant applied to Higgins to know how much he would give him for the horse and take it back, and talked about it as his horse. Higgins had previously endorsed the note and it was then in the Newport Bank, and as he expected it would go to protest at maturity, told him he would give him $200 and take the horse back again, if he would pay the balance off in the Bank, which he did not agree to, but in the month of May following exchanged the horse as his own, with another person for a mare, and in a few days afterward paid him $25 to rescind the bargain and exchange back again.
T. F. Bayard, for the defendant, when the plaintiff had closed the testimony disclosing the facts above stated, submitted a motion for a nonsuit. The contract proved was to answer for the debt of another to the amount of $250 without a written contract, or any note or memorandum of it in writing. Benson v. Walker, 5 Harr.
110. Besides, the action was against Washington Eastburn alone, whilst the evidence showed that the contract of Ball was with him and his brother jointly.
McCaulley, for the plaintiff. Neither the provision of the statute referred to, nor the principle ruled in the case cited, could properly apply to the facts proved in the present case, for this is an action at the suit of Ball against Eastburn, upon an original contract between them alone *Page 403 
for the sale of a horse then owned by Ball, and which he had before bought of Higgins, on a six months' credit, and which at the time was held by the latter subject to his order forthwith on the delivery of his promissory note for the price payable in six months thereafter. But to show that the contract in question was no collateral promise or undertaking on the part of Eastburn to pay the debt of Ball to Higgins, the action is not by Higgins, but by Ball himself against him, for a sum due him under a contract with him, and no other person. Indeed, so far as the proof goes, no action would lie in the case at the suit of Higgins against Eastburn, because there was no privity of contract between them in the transaction. As to the other objection, the non-joinder of the brother as a co-defendant in the action, it was no ground for a nonsuit even in an action excontractu, but could only be excepted to by a plea in abatement, and to such a plea it would be sufficient to reply, as has been proved in this case, that the party omitted as a defendant, was an infant at the date of the contract. 1 Ch. Pl. 52.
Bayard replied.
 By the Court. Neither of the reasons urged is sufficient for a nonsuit in this case. In the first place, the action is upon an original contract between the immediate and only parties to it, and not upon a collateral agreement to answer for the debt, default or miscarriage of another; and in the next place, with the evidence we have before us, it would be a question of fact which the jury would have to determine from the proof, whether the defendant was, or was not, the sole purchaser and owner of the horse, if there was no other answer to be made to the objection that the brother was not joined as a co-defendant in the action.
The case afterward went to the jury without any charge from the court, and the plaintiff had a verdict. *Page 404